IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RABIA DETHO, ) <br> and ALL OTHERS ) <br> SIMILARLY SITUATED ) <br> Plaintiffs, ) <br> ) <br> ) <br> v. ) <br> ) <br> ASIA BILAL; ) <br> SHEIKH MOHAMMED BILAL; ) <br> TEXAS ONE PETROLEUM CORP. d/b/a ) <br> RACEWAY #6773; ) <br> GREEN SEA TRADING, INC.; and ) <br> MOUNTAINPRIZE, INC., ) <br> Defendants. ) | CIVIL ACTION <br> FILE NO. _____ <br><br><br><br> JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Now comes Plaintiff, RABIA DETHO, and all others similarly situated and complain of Defendants, ASIA BILAL; SHEIKH MOHAMMED BILAL; TEXAS ONE PETROLEUM CORP. d/b/a RACEWAY #6773; GREEN SEA TRADING, INC.; and MOUNTAINPRIZE, INC. (hereinafter collectively referred to as "Defendants"), and for cause of action would show the Court as follows:

**I.
INTRODUCTION**

1. This is a collective action suit brought under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), in which Plaintiffs seek to recover unpaid overtime wages.

2. Through this action, and as specifically allowed under 29 U.S.C. § 216(b), Plaintiff RABIA DETHO and all others similarly situated seek equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendants' willful failure to pay overtime wages to Plaintiffs while Plaintiffs were employed with the Defendants.

3. Plaintiff RABIA DETHO, and all others similarly situated, demand a jury on all issues triable to a jury.

4. This action is authorized and instituted pursuant to the FLSA and state common law.

## II.
## JURISDICTION AND VENUE

5. This action is brought under a federal statute (i.e., the FLSA, 29 U.S.C. § 201 *et seq*.). Therefore, this Court has jurisdiction of these claims.

6. This Court has jurisdiction of these claims also pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES

8. Plaintiff RABIA DETHO is a resident of Houston, Harris County, Texas.

9. Defendant ASIA BILAL is an individual who may be serviced with summons at 19019 Desert Marigold Drive, Houston, Texas 77073, or anywhere else she may be found.

10. Defendant SHEIKH MOHAMMED BILAL is an individual who may be serviced with summons at 19019 Desert Marigold Drive, Houston, Texas 77073, or anywhere else he may be found.

11. Defendant TEXAS ONE PETROLEUM CORP. d/b/a RACEWAY #6773 is a validly existing Texas corporation that conducts business in the state of Texas through the operation of gas stations and convenience stores that receive and place goods into the stream of commerce. This Defendant may be served with process by serving its registered agent, Ms. Asia Bilal, at 19019 Desert Marigold Dr., Houston, Texas 77073, or anywhere else she may be found.

12. Defendant GREEN SEA TRADING, INC. is a validly existing Texas corporation that conducts business in the state of Texas through the operation of gas stations and convenience stores that receive and place goods into the stream of commerce. This Defendant may be served with process by serving its registered agent, Mr. Sheikh Mohammad Bilal, at 19019 Desert Marigold Dr., Houston, Texas 77073, or anywhere else he may be found.

13. Defendant MOUNTAINPRIZE, INC. is a validly existing foreign corporation that conducts business in the state of Texas through the operation and ownership of gas stations and convenience stores that receive and place goods into the stream of commerce. This Defendant may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul, Dallas, Texas 75201.

14. Whenever in this complaint it is alleged that any or all of the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of each Defendant or was done in the routine normal course and

scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## CLASS ALLEGATIONS

15. Plaintiff RABIA DETHO files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).

16. The class that Plaintiff DETHO seeks to represent may be described as follows:

> All current and former employees of each of the above named Defendants who worked as a 'cashier' or a 'clerk' or a 'gas station attendant' or a 'gas station clerk' or any other non-exempt hourly employee 1) who worked at any gas station or other type of business located in the United States that was owned, operated and/or acquired by any Defendant during the class period and 2) who claim they were either misclassified as exempt from overtime compensation, or not misclassified but did not receive overtime compensation, and seek payment for such overtime compensation.

17. Plaintiff RABIA DETHO seeks to represent only those members of the above-described class who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff RABIA DETHO'S counsel as required by 29 U.S.C. § 216(b).

18. Those persons who choose to opt in, hereinafter referred to as the "Plaintiff Class", will be listed on subsequent pleadings and copies of their written consents to sue will be incorporated herein by reference and filed with the Court.

19. Plaintiff DETHO contends that this action is appropriate for class action status because each named Defendant herein has acted in the same manner with regard to all members of the Plaintiff class. The Defendants owned, controlled and operated gasoline service stations and convenience stores that are located in the United States during the class period and therefore place goods into the stream of commerce.

## V.
## FACTS

20. At all times relevant to this action, Defendants have been subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq*.

21. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

22. Defendants employed Plaintiff from January 8, 2007 until April 5, 2007.

23. Ms. Detho worked for Defendant as a 'cashier' or a 'clerk' or a 'gas station attendant' or a 'gas station clerk' and was paid at the rate of $8.00 per hour.

24. As a 'cashier' or a 'clerk' or a 'gas station attendant' or a 'gas station clerk', Plaintiff has performed, during a significant period of most days, what was or is otherwise work performed by "hourly" or non-exempt employees because the job required it and the Defendants' upper echelon management demanded it.

25. During all or part of the past three years, while working for the Defendants as a 'cashier' or a 'clerk' or a 'gas station attendant' or a 'gas station clerk', Plaintiff has been required to work overtime hours in excess of 40 hours worked during each and every seven-day workweek.

26. In fact, during most weeks, Plaintiff Detho routinely worked the 12-hour shift, 7 days a week, and in addition worked a 15-hour shift on many occasions, as was required by management. During these hours worked, Plaintiff has performed the functions of her job, which included the performance of duties otherwise typically performed by "hourly" paid non-exempt employees because the job required it and the Defendants' upper echelon management demanded it.

27. Similarly, during at least the past three years, all of the 'cashiers' or 'clerks' or 'gas station attendants' or 'gas station clerks' or any other non-exempt hourly employees, at all facilities where Defendants provided gasoline and convenience store services were routinely required to work in excess of 40 hours per week to perform the function of their job which included the performance of duties otherwise typically performed by "hourly" paid non-exempt employees because the job required it and the Defendants' upper echelon management demanded it.

## VI.
## UNPAID OVERTIME COMPENSATION

28. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

29. Plaintiff DETHO, and all others similarly situated are considered non-exempt employees.

30. Plaintiff DETHO, and all others similarly situated, are entitled to overtime pay for all hours in excess of 40 worked during each seven-day workweek.

31. During Plaintiff DETHO'S employment, she routinely worked more than 40 hours per week.

32. In fact, during most weeks, Plaintiff DETHO worked the 12-hour shift, 7 days a week, and in addition worked a 15-hour shift on many occasions, as required by management. Even though Plaintiff DETHO, and all others similarly situated, worked well in excess of 40 hours per week for most weeks of their employment, Defendants have failed to pay Plaintiff DETHO, and all others similarly situated, for the vast majority of those hours worked in excess of 40 per week.

33. Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to pay the named Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 per week.

34. Defendants have not made a good faith effort to comply with the FLSA.

35. In fact, Defendants have fraudulently misrepresented on each pay record the true hours worked by Plaintiff and all other similarly situated employees.

36. Each Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

37. In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek, by Plaintiff and by all other similarly situated employees.

38. No exemption excused the Defendants from paying Plaintiff DETHO, and all others similarly situated, overtime pay for all of the hours worked over forty per week.

39. Rather, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation owed to Plaintiff DETHO, and to all other similarly situated employees.

40. Plaintiff DETHO, and all others similarly situated, seek an amount of backpay equal to the unpaid overtime compensation from the date they commenced employment for the Defendants until the date they ended employment with the Defendants.

41. Plaintiff DETHO, and all others similarly situated, also seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided for by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

42. At all times relevant herein, Defendants Asia Bilal and Sheikh Mohammed Bilal have been employers within the meaning of the FLSA, and are thus jointly, severally, and individually liable along with all other named Defendants.

## VII.
## COLLECTIVE ACTION ALLEGATIONS

43. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

44. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

45. Thus, from discussion with Defendants, Plaintiff DETHO is aware that the illegal practices and policies of Defendants have been imposed on other workers.

46. Other, similarly situated employees are being denied their lawful wages.

47. Accordingly, each Defendants' pattern or practice of failing to pay the employees' overtime pay (at time and one-half) as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the members of the class.

48. Thus, Plaintiff DETHO'S experience is typical of the experience of the members of the class.

49. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

50. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of 40 per week, are similarly situated.

51. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

52. All current and former 'cashiers' or 'clerks' or 'gas station attendants' or 'gas station clerks' or any other non-exempt hourly employees of Defendants' gasoline service business who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay for hours worked in excess of 40 in any given workweek are properly included as members of the class.

## VIII.
## ATTORNEY FEES

53. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

54. Plaintiff DETHO, and all others similarly situated, are entitled to recover attorney's fees and costs for bringing this action pursuant to the FLSA. In fact, 29 U.S.C. § 216(b) specifically allows for such reasonable and necessary attorney's fees and costs.

## IX.
## JURY DEMAND

55. Plaintiff DETHO, and all others similarly situated make a formal demand for a jury trial in the matter discussed above.

## X.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff RABIA DETHO, and all others similarly situated, respectfully request that upon final hearing, the Court grant Plaintiff DETHO, and all others similarly situated, relief as follows:

a. Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. § 207, by failing to pay Plaintiff RABIA DETHO, and all other similarly situated employees overtime pay at one and one half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period.

b. Enjoin Defendants from failing to pay Plaintiff RABIA DETHO, and all others similarly situated at one and one half times their regular hourly rates for all hours in excess of 40 worked in each seven-day work period.

c. Order Defendants to pay Plaintiff RABIA DETHO, and all others similarly situated the difference between what they should have received for overtime hours worked during the relevant period and what they were actually paid, together with an equal amount as liquidated damages.

d. Order Defendants to pay Plaintiff RABIA DETHO'S, and all other similarly situated employees' reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

e. Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendants.

f. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to RABIA DETHO, and to all others similarly situated.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: <u>/s/ Melissa Moore</u>
Melissa Ann Moore
State Bar No. 24013189
Federal Id. No. 25122
J. Marshall Horton
State Bar No. 24029095
Federal Id No. 725924
Lyric Centre
440 Louisiana Street, Suite 710
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


**ALI S. AHMED, P.C.**

By: <u>/s/ Salar Ali Ahmed</u>
Salar Ali Ahmed
State Bar No. 24000342
Federal Id. No. 32323
Travis Tower
1301 Travis Street, Suite 1200
Houston, Texas 77002
Telephone: (713) 223-1300
Facsimile: (713) 547-8910

**ATTORNEYS FOR PLAINTIFFS**