IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RABIO DETHO, | § | |
| and ALL OTHERS | § | |
| SIMILARLY SITUATED | § | |
|       Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-07-2160 |
| | § | |
| ASIA BILAL; | § | |
| SHEIKH MOHAMMED BILAL, | § | |
| TEXAS ONE PETROLEUM CORP d/b/a, | § | |
| RACEWAY # 6773; and | § | |
| GREEN SEA TRADING, INC. and | § | |
|       Defendants. | § | |

**MEMORANDUM AND ORDER**

In this suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Rabio Detho, who worked as a "cashier," "clerk," "gas station attendant," or "gas station clerk" at a Raceway gas station in Houston, Texas from January 5, 2007 through April 5, 2007, alleges that the defendants, Asia Bilal, Sheikh Mohammed Bilal, and Texas One Petroleum Corp. d/b/a Raceway #6773, failed to pay her and similarly situated employees overtime when they worked more than forty hours in a week. In an earlier opinion, this court applied the two-stage procedure under *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), in determining whether to certify the case as a collective action on a conditional basis. Under that standard, this court found that Detho had met the required minimal showing that there were other, similarly situated employees who were subject to a

common practice. This court nonetheless denied without prejudice Detho's motion for issuance of notice to a conditionally certified class because she had failed to make any showing as to whether other similarly situated individuals desired to opt in to the lawsuit. The only evidence in the record as to whether other employees wanted to opt in was the following statement in Detho's affidavit:

> I believe there are many current and former employees of Defendants who may be interested in joining a collective action to recover for unpaid overtime compensation; however, although I can only recall the first names "Raj" and "Naeem," I certainly remember these male employees.

(Docket Entry No. 20, Ex. A at 2). Recognizing that Detho lacked information as to the identity of other similarly situated employees because she only worked a short time and was often the only employee working in the gas station, this court ordered the defendants to produce a list of employees who had worked for them during the past three years. The defendants produced the names, dates of employment, and last known addresses of six former and current employees. The names "Raj" and "Naeem" are not among them.

Detho has filed an amended motion for notice to potential plaintiffs and for expedited discovery. (Docket Entry No. 31). The defendants have responded. (Docket Entry No. 32). The issue is the lack of any showing that other employees wish to opt in. Despite having been provided the names and addresses of current and former employees, Detho's sole evidence that other similarly situated employees want to join the suit is the same statement she offered before: she believes that other employees will be interested.

Various courts require some showing that at least some similarly situated individuals

2

want to opt in to an FLSA suit before granting conditional certification. *See, e.g.*, *Dybach v. State of Fla. Dept. of Corr.,* 942 F.2d 1562, 1567–68 (11th Cir. 1991); *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007); *Parker v. Rowland Express, Inc.*, 492 F. Supp.2d 1159, 1165 (D. Minn. 2007); *King v. West Corp.*, No. 8:04CV318, 2006 WL 118577, at * 12 (D. Neb. Jan.13, 2006); *Lance v. The Scotts Co.,* No. 04-5270, 2005 WL 1785315, at *9 (N.D. Ill. July 21, 2005); *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1220–21 (M.D. Fla. 2003); *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 361–62 (M.D. Ala. 1999); *Hargrove v. Sykes Enters., Inc.,* No. Civ. 99-110, 1999 WL 1279651, at *4 (D. Or. June 30, 1999); *Cash v. Conn Appliances, Inc.*, 2 F. Supp. 2d 884, 897 (E.D. Tex. 1997). The Fifth Circuit has not addressed this issue.

In most cases, there are multiple plaintiffs or several current or former employees who seek to join the suit and who provide affidavits or declarations in support of the conditional certification. In this case, by contrast, there is a single plaintiff; no affidavit or declaration or statement identifying any specific former or current employee who wants to join the suit; and a total of only seven former and current employees (including Detho) over the past three years.

The courts to consider this factor have recognized that "before a conditional-certification motion may be granted, a named plaintiff (or plaintiffs) must proffer some evidence that other similarly situated individuals desire to opt in to the litigation [because] . . . [i]n the absence of such evidence, there would be no basis upon which the Court could

conclude that the action was an 'appropriate case' for collective-action treatment," *Parker*, 492 F. Supp. 2d at 1165, and that "[o]thers' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants," *Simmons*, 2007 WL 210008, at *9. One court has explained the reasons for the requirement as follows:

> Simply put, a plaintiff must do more than show the mere *existence* of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit. And, if those other, similarly situated persons were to decline to opt in to the case, no purpose would have been served by "certifying" a collective-action "class" – the case ultimately would involve no one other than the plaintiff. Furthermore, if an FLSA plaintiff were required to show only that other potential plaintiffs exist (rather than showing that those potential plaintiffs would actually seek to join the lawsuit), it would render preliminary class certification automatic, as long as the Complaint contains the magic words: "Other employees similarly situated." Under this rationale, any plaintiff who is denied overtime pay may file suit under [the] FLSA and, as long as her complaint is well-pled, receive preliminary class certification and send court-approved notice forms to every . . . employee[ ]. This is, at best, an inefficient and overbroad application of the opt-in system, and at worst it places a substantial and expensive burden on a defendant. . . . More importantly, automatic preliminary class certification is at odds with the Supreme Court's recommendation to "ascertain the contours of the [§ 216] action at the outset."

*Parker*, 92 F. Supp.2d at 1165 (internal quotations omitted) (quoting *Smith v. Sovereign Bancorp, Inc.*, No. Civ. A. 03-2420, 2003 WL 22701017, at *2 (E.D. Pa. Nov.13, 2003).

This is not a rigid or inflexible analysis. "If, for example, *eight* employees together were to commence an FLSA action, it might be unnecessary to show that others desire to opt in to the litigation, since the sheer number of plaintiffs, standing alone, could render the case 'appropriate' for collective-action status." *Parker*, 492 F. Supp.2d at 1165 n.4. In the

4

present case, however, there is, as noted, a single plaintiff unable to identify any other employee who wants to join the suit.

There is a potential for a "chicken and egg" problem in applying this factor, which this court recognized and took steps to avoid. Requiring an FLSA plaintiff who does not know the identities of the members of the proposed class to provide information about class members' desire to opt in could require the plaintiff to produce the very information that she sought to obtain through conditional certification and notice. *See Severtson v. Phillips Beverage Co.,* 137 F.R.D. 264, 267 (D. Minn. 1991) (discussing the "chicken and egg" problem in the context of showing that a proposed class is similarly situated); *Sperling v. Hoffmann-La Roche, Inc.,* 118 F.R.D. 392, 406 (D.N.J. 1988) (same). In this case, however, the court ordered the defendants to provide Detho with information as to the identities of its former and current employees over the last three years. Despite having this information, Detho has still not provided any information that any specific putative class member is interested in joining this litigation. In the absence of any evidence indicating that others will opt in to this lawsuit, there is no basis to conclude that it is an "appropriate case" for collective-action status, as opposed to a lawsuit involving a single plaintiff. Accordingly, conditional certification must be denied. *See Simmons*, 2007 WL 210008, at *9 ("Simmons has not presented any admissible evidence that [similarly situated individuals] seek to participate as plaintiffs in this case. Simmons' reliance on merely his own allegations that the putative class members exist and together were the victims of a single decision, policy,

5

or plan is insufficient to meet his burden on this third criterion for conditional certification and notice."); *Parker*, 492 F. Supp. 2d at 1165 (finding that the plaintiffs' statements that other potential plaintiffs may exist was insufficient to show that other members of the putative class wanted to opt-in to the lawsuit).

Detho's amended motion for notice to potential plaintiffs and expedited discovery is denied. The case may, of course, proceed as an individual action on behalf Detho and others who are or become named plaintiffs.

SIGNED on July 29, 2008, at Houston, Texas.

_____
            Lee H. Rosenthal
         United States District Judge